IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID A. SCOTT, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-107 |
| | ) | |
| LEAR CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion Requesting Appointment of Counsel [DE 5] filed by the plaintiff, David A. Scott, Jr., on April 17, 2014. For the following reasons, the motion is **DENIED.**

The plaintiff, David A. Scott, Jr. filed his *pro se* complaint and motion to proceed informa pauperis on April 4, 2014, alleging sex discrimination, disability discrimination, and wrongful termination. The court granted Scott's motion, and on April 17, 2014, Scott submitted the instant motion requesting that the court appoint counsel to represent him.

A party has no constitutional or statutory right to counsel in this civil case. *See* ***Brown v. United States***, 74 Fed. Appx. 611, 614 (7th Cir. 2003); ***Zarnes v. Rhodes***, 64 F.3d 285, 288 (7th Cir. 1995) (*citing* ***Jackson v. County of McLean***, 953 F.2d 1070, 1071 (7th Cir. 1992)). However, 28 U.S.C.§ 1915(e) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The decision of a district court to appoint counsel is reviewed for an abuse of discretion. ***Weiss v. Cooley***, 230 F.3d 1027, 1034 (7th Cir. 2000); ***Jackson***, 953 F.2d at 1071-1072. The court abuses its discretion if "[d]enying a request for counsel . . . 'would

1

result in fundamental unfairness infringing on due process rights.'" *Gil v. Reed*, 381 F.3d 649, 657 (7th Cir. 2004) (quoting *Jackson*, 953 F.2d at 1071-72).

In determining whether counsel should be appointed, the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself". *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). *See also Gruenberg v. Kingsland*, 530 Fed. Appx. 583, 584 (7th Cir. 2013) (explaining that the court only had to consider whether, given the complexity of the issues, the plaintiff was competent to litigate the case).

Here, Scott has provided a list of law firms and bar associations that he has contacted in an attempt to obtain counsel himself. *See* DE 5. Because this satisfies the first prong, the court's inquiry proceeds to the second prong, which has been clarified:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff[.] . . . Rather the question is whether the difficulty of the case B factually and legally B exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt,* 503 F.3d at 655 (internal footnote, quotation, and citation omitted). *See also Gruenberg*, No. 13-1218, 530 Fed. Appx. at 584 (explaining that "[t]he court had to consider only whether, given the difficulty of the case, Gruenberg appeared competent to litigate it."). The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history." *Pruitt*, 503 F.3d at 655. Any evidence given in support of

2

the request for counsel, as well as that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered. *Pruitt,* 503 F.3d at 655.

Here, the case docket reflects that Scott is literate and coherent. His handwritten complaint and motions are legible and understandable. The nature of the claims put forth are simple and straightforward: he alleges sex discrimination because female employees were assigned better jobs, given proper medical treatment, given better job rotations, bathroom breaks, and water breaks, and were not written up for committing the same acts as males. He further complains that he was a victim of disability discrimination because although his supervisors were aware of injuries that limited him to light duty work, they assigned him to work that exceeded his restrictions, denied him medical treatment, and would not allow him to work. Scott's final allegation is that he was wrongfully terminated for taking medical leave, seeking workers' compensation, and filing a grievance. Scott's filings are legible and comprehensible and his claims do not appear particularly complex. He has not identified any reasons that suggest that he is incapable of representing himself.

Given the information available at this stage and weighing the simple facts of the complaint with the plaintiff's lucid pleadings and motions, the court is satisfied that Scott can articulate his requests and proceed with the case. The court has the discretion to revisit the appointment of counsel if at any time in the proceedings the plaintiff proves himself incompetent to litigate his own claims. *Pruitt*, 503 F.3d at 658. For these reasons, Scott's Motion Requesting Appointment of Counsel [DE 5] is **DENIED.**

ENTERED this 13th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge