```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
         HAMMOND DIVISION
```

DAVID A. SCOTT, JR.,           )
                               )
        Plaintiff,             )
                               )
    v.                         ) Cause No. 2:14-cv-107
                               )
LEAR CORP., *et al.*,          )
                               )
        Defendants.            )

**OPINION AND ORDER**

This matter is before the court on the Motion Requesting Appointment of Counsel [DE 38] filed by the plaintiff, David A. Scott, Jr., on January 13, 2015. For the following reasons the motion is **DENIED**.

*Background*

The plaintiff, David A. Scott, Jr., filed his *pro se* complaint and moved to proceed informa pauperis on April 4, 2014. Scott alleged sex discrimination, disability discrimination, and wrongful termination. The court granted Scott's motion to proceed informa pauperis, and he submitted a motion requesting the court to appoint counsel on April 17, 2014. On August 13, 2014, this court denied Scott's first request to appoint counsel.

The court found that Scott had unsuccessfully attempted to obtain counsel but determined that he was capable of litigating his own claims based on the claims' lack of complexity and his legible and understandable complaint and motions. However, the court indicated it could revisit the appointment of counsel if Scott proved himself incompetent to litigate his claims on his own. Scott now claims it has become harder to understand and comprehend the current proceedings. He has attempted to hire attorneys but cannot afford one. Since filing his first motion to appoint

counsel, Scott responded to multiple motions to dismiss in a clear and coherent manner. Additionally, he successfully opposed a partial motion to dismiss filed by the defendant, Lear Corporation.

*Discussion*

A party has no constitutional or statutory right to counsel in this civil case. *See* ***Brown v. United States***, 74 Fed. Appx. 611, 614 (7th Cir. 2003); ***Zarnes v. Rhodes***, 64 F.3d 285, 288 (7th Cir. 1995) (citing ***Jackson v. County of McLean***, 953 F.2d 1070, 1071 (7th Cir. 1992)). However, 28 U.S.C. § 1915(e) provides

> [t]he court may request an attorney to represent any person unable to afford counsel . . . [and] shall dismiss the case at any time if the court determines that: the allegation of poverty is untrue; or the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The decision of a district court to appoint counsel is reviewed for an abuse of discretion. ***Weiss v. Cooley***, 230 F.3d 1027, 1034 (7th Cir. 2000); ***Jackson***, 953 F.2d at 1071–72. The court abuses its discretion if "[d]enying a request for counsel . . . 'would result in fundamental unfairness infringing on due process rights.'" ***Gil v. Reed***, 381 F.3d 649, 657 (7th Cir. 2004) (quoting ***Jackson***, 953 F.2d at 1071–72).

In determining whether counsel should be appointed, the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." ***Pruitt***, 503 F.3d at 654–55 (citing ***Farmer v. Haas***, 990 F.2d 319, 321–22 (7th Cir. 1993)); *see* ***Gruenberg v. Kingsland***, 530 Fed. Appx. 583, 584 (7th Cir. 2013) (explaining that the court only had to consider whether, given the complexity of the issues, the plaintiff was competent to litigate the case).

Here, Scott has provided a list of attorneys which he has contacted in an attempt to obtain counsel himself. *See* DE 38, p. 3. Because this satisfies the first prong, the court's inquiry proceeds to the second prong, which has been clarified:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff . . . . Rather the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (internal footnote, quotation, and citation omitted); *see* **Gruenberg**, 530 Fed. Appx. at 584. The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history." ***Pruitt***, 503 F.3d at 655. Any evidence given in support of the request for counsel, as well as that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered. ***Pruitt***, 503 F.3d at 655.

Here, the case docket reflects that Scott is literate and coherent. His complaint and motions are legible and understandable. As this court discussed in its prior order, Scott's claims are simple and straightforward. Although Scott claims the current proceedings are becoming more difficult to understand and comprehend, his filings suggest otherwise. Scott responded to multiple motions to dismiss in a clear and coherent manner. Additionally, he successfully opposed a partial motion to dismiss filed by Lear Corporation. Therefore, the court finds that Scott can competently litigate his own claims at this time. The court has the discretion to revisit

3

the appointment of counsel if at any time in the proceedings the plaintiff proves himself incompetent to litigate his own claims. *Pruitt*, 503 F.3d at 658.

Based on the foregoing reasons, the Motion Requesting Appointment of Counsel [DE 38] is **DENIED**.

ENTERED this 9th day of March, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge