UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID A. SCOTT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-107 |
| | ) |
| LEAR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Subpoenas [DE 98] filed by the plaintiff, David A. Scott, Jr., on January 30, 2017. Based on the foregoing, the motion is **DENIED.**

*Background*

On December 16, 2016, the plaintiff, David A. Scott, Jr., filed the Motion to Proceed with Jury Trial [DE 89]. Scott requested a jury trial in his Complaint [DE 1], therefore, the court denied the motion as moot. Also, in the motion Scott requested the court to order Lear to produce phone records for numbers (219) 852-0014, (219) 853-8145, and (877) 829-7328. The court ordered Scott to show cause as to why the phone records were relevant.

On January 24, 2017, Scott filed Response to United States Magistrate Judge Andrew P. Rodovich January 11, 2016 Order for Plaintiff to Show Cause as to Why the Phone Records are Relevant [DE 96]. Scott also filed a Motion for Subpoenas [DE 98] on January 30, 2017. Scott indicated that the phone records will show that he called Lear consistently, Lear only called three or four times between August 30, 2012 to December 31, 2012, Lear did not call him between January 1, 2013 to April 23, 2013, and Lear provided fraudulent phone documents for (877) 829-

7328.  Scott contends that the phone records indicate that during his leave of absence and after his termination Lear's "bad acts" never stopped.

Lear filed a Brief in Opposition to the Relief Request in Plaintiff's January 13 and 24, 2017 Responses [DE 97].  Lear indicated that it has produced records or invoices for the telephone numbers (877) 829-7328, (219) 852-0014, and (219) 853-8145.  Lear produced the records for number (219) 852-0014 from the time period August 2012 to May 2013 as requested by Scott.  Lear redacted information related to calls made by non-Human Resources professionals and the amounts paid to the telephone company.  Lear indicated that the records for numbers (219) 852-0014 and (219) 853-8145 only include incoming calls.  However, it provided Scott the phone company's information to subpoena outgoing calls.  Lear does not have records for (219) 853-8145, rather it receives an invoice.  Calls from (219) 853-8145 appear under an Employee ID number.  Lear produced calls appearing under Employee ID 145, 138, 141 for all the Human Resources professionals that Scott interacted with.

Scott's Motion for Subpoenas included a request for the phone records that Lear has indicated it produced to Scott.  Also, it included requests to subpoena phone records associated with Scott and his witnesses, video surveillance, and Lear's transcript of proceedings for workers compensation.  Discovery in this matter ended on December 30, 2016.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**.  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or

may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003); *see Adams v. Target*, 2001 WL 987853, *1 (S.D. Ind. 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *see also Shapo v. Engle*, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001).

Lear objected to Scott's request for telephone records before or after the August 2012 to May 2013 time period or the information Lear redacted because that information is not relevant or likely to lead to the discovery of relevant information. Lear contends that Scott's requests included calls made during August 2012 through May 2013 time frame. Also, Scott was on leave of absence from December 2011 to August 28, 2012. Therefore, Lear indicated that the phone records prior to August 2012 have no relevance to this matter, as well as calls made to non-HR employees, the amount Lear paid the telephone company each month., and calls made after Scott was terminated on April 23, 2013.

The court finds that Scott's request for subpoenas fails to seek information that is relevant to the matter. Furthermore, Scott's requests are unlikely to produce or lead to discoverable information. Also, the issuance of Scott's subpoena requests by court order is unnecessary. Based on the foregoing reasons, the Motion for Subpoenas [DE 98] is **DENIED.**

ENTERED this 7th day of February, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge